Davis, J.
This cause is here for the second time. Western Union Tel. Co. v. Stratemeier, 6 Ind. App. 125. There has been no change in the issues since that decision, except the third paragraph of the answer and the seventh paragraph of the reply were withdrawn before the last trial. The facts are so fully stated in the opinion cited that it is not necessary to repeat them here.
The errors assigned are:
1. The overruling of the demurrer to the fourth paragraph of reply.
2. The overruling of appellant’s motion for a new trial.
3. The overruling of appellant’s motion for a venire de novo.
*602 4. The overruling of appellant’s motion for judgment and sustaining appellee’s motion for judgment.
' It is conceded that the fourth paragraph of the reply referred to in the assignment of errors and discussed by counsel, is the same paragraph of reply referred to in the former opinion hereinbefore cited as the third paragraph. This court then held the paragraph in question sufficient, and we can not, on this appeal, review that decision.
Counsel insist that the damages, five hundred dollars, awarded by the jury, are excessive. In answer to this we quote the language of Judge Reinhard, in Western Union Tel. Co. v. Newhouse, 6 Ind App. 442, as follows:
“Damages for mental anguish being recoverable, the proper amount to be assessed is a matter that must necessarily be left largely to the sound judgment of the jury, under the directions of the court. We can not say that $400 was too much in the present case, or that such an amount, under the facts of this case, appears to be the result of prejudice, partiality or corruption on the part of the jury, and which, at first blush, impresses one as outrageous and excessive.”
Counsel insist that the special verdict is not sustained by sufficient evidence. We have carefully read the record and quote with approval what was said by Judge Cktjmpackek in his opinion on the former appeal, as follows:
“Indeed every essential proposition necessary to support the judgment is fairly authorized by the evidence, and the judgment can not be disturbed upon this assignment.” Western Union Tel. Co. v. Stratemeier, supra.
Counsel contend that the court erred in giving general instructions after a special verdict had been requested. Particular reference in this connection is made to the eleventh instruction. This instruction is in substance and to the effect that if the facts set out in the fourth *603 paragraph of the reply were satisfactorily established by the evidence it was not necessary to find the facts averred in the second paragraph of the answer. In other words, the facts pleaded in the second paragraph of the answer were recognized throughout the trial as sufficient, if not avoided, to constitute a complete bar to the action, but the court instructed the jury that this defense was not available in behalf of appellant, if the estoppel pleaded in the fourth paragraph of the reply was proven. Inasmuch as the jury found and returned, in their special verdict, the facts constituting the estoppel, as pleaded in the fourth paragraph of the reply, we fail to see how appellant was injured by the failure to find the facts pleaded in the second paragraph of its answer. If the instruction had not been given, and the facts pleaded in the answer had been fully found in favor of appellant, the final result, in the light of the other facts found in the verdict, would inevitably have been the same.
Counsel next insist that the motion for a venire de novo should have been sustained, because the special verdict is so defective, uncertain, and ambiguous, that no judgment can be rendered thereon. The point made in argument is that the verdict fails to state with sufficient clearness the facts which are claimed to estop appellant from setting up its defense of exemption from liability. The facts found in the verdict are fully as strong as they are pleaded in the reply, and if the reply is good as against the demurrer the verdict is sufficient, on this point, so far as the motion for a venire de novo is concerned.
Counsel also contend that the court erred in overruling appellant’s motion for judgment, because the special verdict fails to find the facts alleged in the second paragraph of the answer. As we have seen, if it was conceded that the facts were true as alleged in the second *604 paragraph of the answer, the result would be the same. What we have heretofore said in discussing the instructions disposes of this question.
Filed Jan. 11, 1895.
We find no reversible error in the record.
Judgment affirmed.